JOHN E. THOMMEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thommen v. Commissioner
Docket No. 4845-94
United States Tax Court
T.C. Memo 1995-152; 1995 Tax Ct. Memo LEXIS 147; 69 T.C.M. (CCH) 2328; April 5, 1995, Filed *147 A decision will be entered imposing a penalty under section 6673 and sustaining respondent's determinations. John E. Thommen, pro se. For respondent: Mayer Y. Silber and Terri L. Parrott. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: In the notices of deficiency dated December 21, 1993 (notices), respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax Year
Deficiency
Section 6651(a)[1]
Section 6654(a)
1989
$ 7,968
$ 1,353
$ 138
1990
3,559
595
-- 1991
4,500
1,073
139
The issues for decision are: (1) Did petitioner have income for the years at issue in the amounts determined by respondent? We hold that he did. (2) Is petitioner liable for the years at issue for the additions to tax under section 6651(a)? We hold that he is. (3) Is petitioner liable *148 for the years 1989 and 1991 for the additions to tax under section 6654(a)? We hold that he is. Background
In total disregard of the Court's Rules and Orders, petitioner refused to enter into a stipulation of facts. The Court's findings are based upon the testimonial and documentary evidence adduced at trial. Petitioner resided in Hickory Hills, Illinois, at the time the petition was filed. He did not file an individual Federal income tax return for any of the years at issue. Prior to petitioner's retirement in 1988, he was employed for approximately 30 years by the Federal Government, having served in the U.S. Army during the years 1950-1953 and having worked for the U.S. Postal Service (Postal Service) during the years 1959-1987. During the period of his employment with the Postal Service, both he and his employer contributed to a retirement fund on his behalf. During each of the years at issue, the U.S. Office of Personnel Management (OPM) paid the following amounts of retirement benefits (less tax withheld on such benefits) to petitioner: Tax Year
Retirement Benefits
Withheld
1989
$ 31,055
$ 2,555
1990
17,400
1,178
1991
18,336
208
Petitioner's *149 retirement benefits for 1989 consisted of a lump-sum payment of at least $ 10,000 and monthly annuity payments of approximately $ 1,500. [2] His retirement benefits for 1990 and 1991 consisted of monthly annuity payments of approximately $ 1,500. During 1991, petitioner provided services as an independent contractor to Seko Enterprises, Inc. (Seko) of Schiller Park, Illinois, for which he received $ 2,654. During 1991, petitioner earned $ 21 in interest income from TCF Bank. OPM, Seko, and TCF Bank reported the respective amounts each paid to petitioner during the years at issue on information return documents (Forms W-2P and 1099-R in the case of OPM, Form 1099-MISC in the case of Seko, and Form 1099-INT in the case of TCF Bank) that were filed with the Internal Revenue Service (Service). On March 21, 1994, petitioner filed the petition *150 in this case. In disputing the determinations in the notices, petitioner alleged that the Service had "created fraudulent documents" and that he had been denied "due process of law" because of procedural defects by respondent. Petitioner failed to comply with the Court's Rules and/or its Orders, including its Standing Pretrial Order, and was generally uncooperative in working with respondent in an attempt to settle this case and/or to prepare it for trial. For example, as noted above, petitioner refused to stipulate to any facts in this case. In addition, petitioner did not timely submit a trial memorandum. [3]
*151 At the call of this case from the calendar on December 5, 1994, petitioner proffered, and the Court accepted and had filed, a trial memorandum from petitioner. That trial memorandum asserted, inter alia, that petitioner was denied "due process of law" because of alleged procedural defects by respondent and that he is not a taxpayer within the meaning of the Constitution of the United States and the internal revenue laws. In his opening statement before trial, petitioner persisted in advancing some of the allegations he had made in the petition and in his trial memorandum. Upon hearing petitioner restate in his opening statement the types of arguments he had advanced in his petition and in his trial memorandum, the Court made petitioner aware of section 6673 and advised him that the kinds of arguments and theories he was advancing had been held by various courts to be groundless and/or frivolous. The Court further informed petitioner that if he persisted in advancing arguments and theories that are groundless and/or frivolous, it was very strongly inclined to award respondent a penalty under section 6673 in an amount up to $ 25,000. At the conclusion of the trial, the Court informed *152 petitioner that the record developed at trial supported respondent's determinations of income set forth in the notices. The Court nonetheless allowed petitioner to make a closing statement. In his closing statement, petitioner maintained that he is a "nontaxpayer", thereby persisting in advancing an argument of the type that the Court had informed him prior to trial had been held to be groundless and/or frivolous. The Court again advised petitioner that that type of argument is groundless and/or frivolous and specifically referred petitioner to , in which the United States Court of Appeals for the Seventh Circuit, to which any appeal in this case would normally lie, held that wages are income, that the taxation of wages is constitutional, and that arguments to the contrary are "tired". . The Court ordered briefs to be filed and informed petitioner that if he persisted in raising in his briefs groundless and/or frivolous arguments of the type he raised in his petition, in his trial memorandum, and in his opening and closing statements, *153 the Court would award a penalty to respondent under section 6673 in an amount not to exceed $ 25,000. The Court urged petitioner to reconsider his position in advancing groundless and/or frivolous arguments. It also urged him to settle the case, since it believed that the record supported respondent's determinations in the notices. The parties filed opening briefs. Respondent filed an answering brief, but petitioner did not. [4]
Discussion
Petitioner bears the burden of proving that respondent's determinations in the notices are erroneous. *154 Rule 142(a); . Petitioner proffered no evidence and advanced no arguments that show that those determinations are erroneous. Indeed, the record in this case, including petitioner's admissions at trial that he had received retirement benefits, compensation, and interest from OPM, Seko, and/or TCF Bank, respectively, amply support respondent's determinations of income set forth in the notices. [5]
Nor has petitioner satisfied his burden of showing that respondent is wrong in her determinations that he *155 is liable for the additions to tax for failure to file timely under section 6651(a) and for failure to pay estimated tax under section 6654(a). Based on the instant record, we sustain all of respondent's determinations in the notices. We now turn to section 6673, a provision that the Court brought to the attention of petitioner both before and after the trial of this case. The Court also specifically informed petitioner before and after trial that the types of arguments that he advanced in his petition, his trial memorandum, and his opening and closing statements were the types of arguments that had been held by various courts to be groundless and/or frivolous. Nonetheless, petitioner persisted throughout the course of the proceedings in this case in advancing those same types of groundless and/or frivolous arguments, and he even included them in the brief he filed. We see no reason to refute the arguments asserted by petitioner with copious citation of precedent and explanation. Based on established law, those arguments are groundless and/or frivolous. Moreover, petitioner continuously failed to comply with the Court's Rules and/or Orders and to cooperate with respondent in *156 preparing this case for trial. Section 6673(a)(1) authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $ 25,000 whenever it appears that a taxpayer's position in a proceeding is frivolous, and/or groundless, and/or instituted primarily for delay. On the instant record, we find that petitioner's position in this case is groundless and/or frivolous and that this proceeding was instituted and maintained primarily for delay. Acordingly, we impose a penalty on petitioner under section 6673(a)(1) in the amount of $ 4,000. A decision will be entered imposing a penalty under section 6673 and sustaining respondent's determinations. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Nothing in the record discloses whether any portion of the monthly annuity payments received by petitioner during the years at issue is excludible from his income under sec. 72.↩
3. We also note that the Court ordered the parties to appear for a pretrial conference on Dec. 5, 1994 (Dec. 5 pretrial conference), after the Court concluded various hearings on motions pending in other cases. Respondent appeared, but petitioner did not appear, at that pretrial conference. At the Dec. 5 pretrial conference, respondent orally moved to dismiss for lack of prosecution, and she filed a written motion to dismiss for failure to prosecute properly on Dec. 6, 1994. When petitioner appeared at the recall of this case for trial on Dec. 7, 1994, he offered no good reason as to why he did not appear at the Dec. 5 pretrial conference. His only explanation was that he did not attend because that pretrial conference was for the purpose of facilitating the stipulation process, and he refused to stipulate to any facts. This case proceeded to trial on Dec. 7, 1994, and the Court deemed moot respondent's motion to dismiss for failure to prosecute properly.↩
4. On Feb. 16, 1995, the Court granted respondent's motion to extend the time within which to file her answering brief and ordered the parties to file answering briefs on Feb. 27, 1995. On Feb. 24, 1995, the Court denied petitioner's motion filed on Feb. 23, 1995, to extend the time to Mar. 7, 1995, within which to file his answering brief. As of Mar. 14, 1995, petitioner had not filed an answering brief, and the Court issued an order precluding him from filing any such brief.↩
5. At trial, petitioner refused to provide any testimony or introduce any documents during his direct examination as to relevant facts. During cross-examination, he admitted that he received retirement benefits from OPM during each of the years at issue and that he received compensation for the services he provided to Seko and interest from TCF Bank during 1991. He could not remember, however, the specific amounts he received during those years.↩